# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARGARET ANN COLEMAN, | )<br>) |
| Plaintiff, | ) Case No. 2:15-cv-00121-JCM-GWF<br>) |
| vs. | ) **ORDER AND FINDINGS AND**<br>) **RECOMMENDATION** |
| NEVADA STATE et al., | )<br>) |
| Defendants. | )<br>) |

This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on January 21, 2015.  Plaintiff's Amended Complaint (#2) was filed on February 17, 2015.

## BACKGROUND

Plaintiff alleges that Nevada State, the Clark County Clerks Office, the Board of Commissioners, the Las Vegas City Council, Attorney Shauna M. Hughes, Steve Wynn and various casinos conspired against her to steal billions of dollars that rightfully belong to the Plaintiff.

## DISCUSSION

**I.     Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to

dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). The Court may dismiss an action that is based on a meritless legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d

719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

## III.   Instant Complaint

Plaintiff, in filing the civil complaint, selected causes of action for, among others, a stockholder's suit, personal injury, land condemnation, foreclosure, negotiable instruments, and fraud. In the text of the Complaint, Plaintiff only states claim for conspiracy and embezzlement. She alleges that the named Defendants conspired to steal her property. Plaintiff alleges that the Defendants have stolen billions of dollars from her, killed her children's father, and left the Plaintiff miserable and homeless. Plaintiff further alleges that Ms. Hughes wishes to overthrow the code of ethics, Carson City, and the country of England. Ms. Hughes also allegedly wishes to take money to Hawaii and Paris for the purpose of starting a war on drugs. The exhibits to the Complaint include hand drawn pictures, the Plaintiff's registration to run for Mayor of the City of Las Vegas, her registration as a lobbyist, a letter to President Obama, and various photocopied advertisements.

Plaintiff's allegations are fantastic or delusional, and do not state a cause of action on which relief can be granted. They are premised on irrational and entirely incredible factual scenarios. Because the deficiencies in this complaint cannot be cured by amendment, the Court will recommend that Plaintiff's Complaint be dismissed with prejudice. Accordingly,

. . .

1      **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* is
2 **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars
3 ($400.00).

4      **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to
5 conclusion without the necessity of prepayment of any additional fees or costs or the giving of
6 security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the
7 issuance of subpoenas at government expense.

8      **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Amended
9 Complaint (#2).

## RECOMMENDATION

     **IT IS HEREBY RECOMMENDED** that Plaintiff's Amended Complaint (#2) be **dismissed with prejudice**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

     **DATED** this 25th day of June, 2015.

*[signature]*
GEORGE FOLEY, JR.
United States Magistrate Judge